IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY L. MORGAN, T/A/D/B/A )
CONCEPTS RESIDENTIAL )
DESIGN COMPANY, )
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　　v. ) Civil Action No. 07- 803
　　　　　　　　　　　　　　　　　　　)
HANNA HOLDINGS, INC., et al. )
　　　　　　　　　　　　　　　　　　　)
　　　Defendants. )

## OPINION

Plaintiff Randy Morgan has filed a thirteen count Second Amended Complaint ("the Second Action") alleging copyright infringement against defendants Hanna Holdings, Inc. ("Holdings"), Hawthorne Homes, Inc., Bayard Crossings, Inc., Howard Hanna Real Estate Services, Inc., Howard Hanna Mortgage Services, Inc. and Barristers Land Abstract, Inc., all of which are subsidiaries of Holdings, (collectively the "Hanna Defendants") as well as Pitell Contracting, Inc. and Palm Properties, L.P.

Defendant Pitell Contracting has filed a partial motion to dismiss (doc. 60), with a brief in support (Doc. 61), joined in and incorporated by defendant Palm Properties (Docs. 58, 59); Plaintiff's briefs in opposition were filed on June 23, 2008. (Docs. 66, 67). The Hanna Defendants have also filed a motion to dismiss with accompanying brief on June 2, 2008. (Doc. 62, 63). Plaintiff's brief in opposition was filed on June 23, 2008. (Doc. 65). Hanna Defendants have filed a reply brief. (Doc. 70).

## I. Background

This action ("the Second Action") is the product of an earlier ruling in another civil action assigned to this member of the Court, Morgan v. Hawthorne Homes, No. 04-1809 ("the First Action"). In that case, Randy Morgan, trading and doing business as Concept Residential Designs, filed an amended complaint alleging eight counts of copyright infringement and one count

of breach of copyright license against defendants Hawthorne Homes, Inc. ("Hawthorne Homes") and Hanna Holdings ("Holdings"). On April 14, 2009, we granted summary judgment in favor of defendant Hanna Holdings; Hawthorne Homes remains a defendant. After holding a status conference at the request of the plaintiff on June 2, 2009, during which time settlement negotiations failed, we scheduled the First Action for trial beginning in September, 2009.

This Second Action was filed after we denied plaintiff's request on July 26, 2006 to file a second amended complaint in the First Action, a request which was filed after the close of discovery and after defendants had filed motions for summary judgment and extensive briefs in support. Morgan thereafter filed the Second Action on June 14, 2007, alleging violations of the same eight drawings identified in the First Action, plus the five that we would not permit him to add by way of amendment. The Second Action alleges that Hanna Holdings, Hawthorne Homes, and Howard Hanna Real Estate Services have directly infringed on the copyrights by copying and distributing drawings, creating derivative works, and constructing and selling homes. The remaining subsidiaries are alleged to have infringed Morgan's copyrights vicariously and contributorily. Second Amended Complaint at ¶ 23. Each of the thirteen Counts in the Second Amended Complaint is based on a specific set of architectural plans, designated by thirteen distinct titles.

In addressing Defendants' motions to dismiss, the Court must accept as true the allegations contained in the Second Amended Complaint. See Toys "R" US, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir.2003); Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1301 (3d Cir.1996). Accordingly, the facts recited herein are taken from the Second Amended Complaint unless otherwise indicated and do not represent this Court's factual findings.

Plaintiff alleges that Hanna Holdings acquired the allegedly copyrighted drawings from Plaintiff in January 2001, and transferred them to Hawthorne Homes "for the purpose of re-drafting

2

the plans into a computer format and then using the plans to create new homes." Second Amended Complaint at ¶¶ 9-11. Plaintiff alleges that defendants Hanna Holdings and Hawthorne Homes have ceased constructing homes under their own names using the allegedly re-drafted drawings and now "advertise the construction of Morgan homes through Pitell Contracting Inc. and Palm Properties L.P." Second Amended Complaint at ¶ 20. He further alleges that "the drawings that are being used to construct these houses are drawings that were originally sold by Mr. Morgan to Seven Fields Development Corporation and Larry Schnep Custom Homes and possibly others, for one time use. The Defendants acquired these drawings . . and now copy the drawings and use the drawings to make derivative works and to build homes of his design over and over again without authority to do so." Second Amended Complaint ¶ 20. Defendant Pitell Contracting, Inc. and Palm Properties L.P. are alleged to have directly infringed on the copyrights by the copying and distribution of drawings and by creation of derivative works, as well as the construction and sale of houses according to the drawings. Second Amended Complaint ¶ 23.

## II. Standard of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, --- L.Ed.2d ----, ---- (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), which required a heightened degree of fact pleading in an anti-trust case, "expounded the standard for 'all civil actions.' " 129 S.Ct. at 1953.

3

The Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. 544, 556 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

### III. Discussion

#### A. Hanna Defendants' Motion to Dismiss

The Complaint in the First Action was filed on November 22, 2004, discovery commenced, and motions for summary judgment were filed and ruled on. Morgan filed the above-captioned Second Action on June 14, 2007, alleging violations of the same eight drawings identified in the First Action, plus the five drawings we would not permit him to add in the First Action by way of amendment (on the grounds of untimeliness -- discovery had closed and dispositive motions had been filed). On July 17, 2007, the Hanna Defendants filed a motion to dismiss the Second Action citing various deficiencies in Morgan's Complaint. On August 14, 2007, Morgan filed an Amended Complaint. On September 10, 2007, the Hanna Defendants filed a Motion to Dismiss the Amended Complaint, and in response, Morgan sought and was granted leave of court to file the Second Amended Complaint. Morgan filed his Second Amended Complaint on May 9, 2008.

In their motion to dismiss the First Amended Complaint, the defendants had argued – as they did in the First Action – that Morgan's technical drawing copyrights could not preclude the construction of houses from those drawings, thus making several of Morgan's Counts legally

4

insufficient and time-barred. The Second Amended Complaint appears to have attempted to correct this because Morgan added new claims to Counts I, II, III, IV, VI, IX, X, XI (collectively, "the Re-Registered copyrights") by re-registering those copyrights as architectural works.[1] In our Opinion granting summary judgment in favor of the Defendants (in part) in the First Action, we held that 'a valid copyright protects design drawings from being copied, but does not prevent the construction of buildings based on those plans,'" citing Oravec v. Sunny Isles Luxury Ventures, 469 F.Supp.2d 1148 (S.D. Fla. 2006). Opinion and Order dated April 14, 2009 (Doc. 172 at C.A. 04-1809) at 22. Based on these newly Re-Registered Copyrights, Morgan seeks to recover for the construction of homes, where he could not do so previously when they were merely registered as technical drawings.

Morgan alleged in his motion to amend the complaint, and in response to the motions to dismiss, that these new claims should relate back to the dates of the filing of the prior complaints. In their motion to dismiss, Defendants argue that the statute of limitations on the architectural works infringement claims has run and the "relation back" doctrine embodied in Federal Rule of Civil Procedure 15 cannot save Plaintiffs' claims since the Court did not have subject matter jurisdiction over those claims when the action was originally filed. The statute of limitations in a copyright infringement action is three years. 17 U.S.C. § 507.

We agree that we did not have jurisdiction over an architectural works copyright

---

[1] Until 1990, architectural works could be registered only as "technical drawings" under the category of "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a)(5). In 1990, Congress enacted the Architectural Works Copyright Protection Act ("AWCPA"), which extended copyright protection to "architectural works" as a new category of authorship. 17 U.S.C. 102(a)(8); 1 Nimmer, supra, § 2.20. The primary effect of the AWCPA is to provide copyright protection to physical architectural works. Guillot-Vogt Assoc., Inc. v. Holly & Smith, 848 F.Supp. 682, 686 (E.D. La. 1994). The enactment of the AWCPA did not affect the scope of copyright protection afforded to architectural works registered only as technical drawings. See id. (quoting H.R.Rep. No. 101-735, at 19 (1990), reprinted in 1990 U.S.C.C.A.N. 6935, 6950). A work can obtain protection as both an architectural work and a technical drawing only if the work is registered under both categories. *See* 37 C.F.R. § 202.11(c)(4).

5

infringement action at that time. Under 17 U.S.C. § 411(a), "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." This registration requirement is jurisdictional. Well-Made Toy Mfg. Corp v. Goffa Intern. Corp. 354 F.3d 112, 115 (2nd Cir. 2003) (affirming dismissal based upon lack of "subject matter jurisdiction" because the "registration requirement [of § 411(a) ] is jurisdictional"); see Morris v. Business Concepts, Inc., 283 F.3d 502, 505 (2d Cir. 2002); see also 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][a], at 7-155 (2002); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003) ("Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act."); Murray Hill Publications, Inc. v. ABC Communications, Inc, 264 F.3d 622, 630 n. 1 (6th Cir. 2001) (noting that "[t]he registration requirement under section 411[a] is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court"); Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000) (noting that the registration requirement is a jurisdictional prerequisite to infringement suit); Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1163 (1st Cir.1994) (describing section 411(a)'s registration requirement as a "jurisdictional requirement"). Thus, "[t]he failure to obtain an actual registration or a refusal to register deprives the court of subject-matter jurisdiction." 5 Patry on Copyright § 17:77.

Defendants are therefore correct in their argument that the Court did not have subject matter jurisdiction over Plaintiffs' copyright claims when both the complaint and first amended complaint were filed because these works had not been registered at the time of the filings. The Court would have had jurisdiction over claims for infringement of the drawings after the drawings were registered had such claims been properly brought subsequent to the registration. The question for the Court now is whether Plaintiffs may confer subject matter jurisdiction on the Court after the statute of limitations has run on their infringement claims by amending their complaint to reflect events that occurred subsequent to the commencement of the action.

6

There have been several courts that have held that a plaintiff who files a copyright infringement suit prior to seeking registration from the Copyright Office may nevertheless cure the jurisdictional defect by subsequently amending or supplementing its complaint once it has registered the copyright. See, e.g., M. G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488-89 (11th Cir.1990) (proper course would have been for plaintiff to file a new complaint once registration was complete after dismissal for lack of jurisdiction rather than amend earlier complaint, but distinction between filing a new complaint and filing an amended complaint was merely technical and did not prevent circuit court from reaching merits of appeal); Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352, *2 (M.D. Fla. Aug 29, 2007) (failure to allege whether application for registration was granted or denied can be cured by amendment); Identity Arts v. Best Buy Enterprise Services Inc., 2007 WL 1149155 (N.D.Cal. April 18, 2007) (second amended complaint alleging registration cured jurisdictional defect); J. Racenstein & Co. v. Wallace, 1997 WL 605107, *1-2 (S.D. N.Y. Oct.1, 1997) (denying motion to dismiss conditioned upon plaintiff filing amended complaint reflecting copyright registration); Haan Crafts Corp. v. Craft Masters, Inc., 683 F.Supp. 1234, 1242 (N.D.Ind.1988) (adopting rule that infringement suit may proceed even when registration is made after filing of the complaint, as long as plaintiff amends its complaint after registering to allege registration); Frankel v. Stein and Day, Inc., 470 F.Supp. 209, 212 n. 2 (S.D.N.Y.1979) (granting plaintiff leave to amend complaint where plaintiff, upon learning of jurisdictional defect, immediately complied with registration requirements).

It appears, however, that the instant case differs from the above cases in one significant respect, namely, that the statute of limitations on Plaintiffs' infringement claims had run prior to Plaintiffs seeking leave to correct the deficiency in their pleading. Defendants argue that this fact makes Plaintiff's Second Amended Complaint subject to dismissal. In Kreider Dairy Farms, Inc. v. Glickman, 190 F.3d 113, 121 (3d Cir.1999) the court held that the district court lacked jurisdiction over original complaint because administrative agency decision being challenged was not final; the later filed amended complaint was untimely and could not relate back to original complaint over

which the court had no jurisdiction. See also Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir.2000) (finding that it was proper to disallow an amendment where registration of copyright was not effected until after statute of limitations expired); and Reynolds v. United States, 748 F.2d 291, 293 (5th Cir.1984) (holding that it was proper to dismiss an amended complaint that was filed "on a date on which the court lacked jurisdiction" and "related back to a date on which the court also lacked jurisdiction"). According to Defendants, an amendment to Plaintiff's infringement claims cannot "relate back" to the original complaint because the Court did not have jurisdiction over those claims at the time the action was filed. Stated another way, Defendants argue that Plaintiff cannot bring his infringement claims now because the statute of limitations has run, and any amended complaint cannot relate back to the initial complaint because the Court did not have jurisdiction over the claims when they were brought originally.

The Court finds that Defendants' argument has merit. It appears that the proper course for a plaintiff who has filed a jurisdictionally deficient copyright infringement claim, upon satisfying the jurisdictional prerequisite of registration, is to file a new action. Many of the cases that allow for an amendment because a dismissal for lack of subject matter jurisdiction would simply result in the plaintiff filing a new complaint; the interests of efficiency warrant allowing the plaintiff to simply amend its old complaint rather than file a new action.

Such an interest, however, is not present in this case as a result of the expiration of the limitations period. According to the Defendants because the Second Amended Complaint was filed more than three years after the allegedly infringing acts occurred, it must "relate back" to the original complaint to be considered timely. Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir.1996) ("An amendment to a complaint must satisfy the statute of limitations ... [i]f the limitations period has expired, in order to survive, the amendment must relate back to the original complaint under Rule 15(c)"). However, an amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction. Kreider Dairy Farms, 190 F.3d at 121. Here, the Court did not have subject matter jurisdiction over Plaintiffs' complaint as to the Re-

8

Registered Copyrights when it was originally filed, as the plans at issue were not registered with the Copyright Office until several months after Plaintiffs first filed their complaint.

Plaintiff does not deny that the works at issue in Counts I-IV, VI, IX-XI were not registered with the Copyright Office as architectural works at the time the Second Action was originally filed. It is clear, therefore, that the Court did not have subject matter jurisdiction over Plaintiffs' copyright infringement claims as to those plans at the outset of this litigation. Because an allegation of a new copyright registration in a pre-existing suit necessarily requires an amended complaint (because the subsequent copyright registration constituted a new copyright claim), the statute of limitations on those claims is calculated from the date those claims were filed. In this case, those claims were filed May 9, 2008 in the Second Amended Complaint, thus any actions occurring prior to May 9, 2005 are barred by the three year statute of limitations. Morgan did not allege that the Hanna Defendants have taken any action after May 9, 2005 that constitutes direct infringement. We will therefore grant the motion to dismiss to the extent that Morgan cannot recover on any claims for architectural works violations at Counts I-IV, VI, and IX-XI. Morgan has admitted that Hawthorne no longer constructs homes and that all new housing starts were stopped in June of 2004, which is outside the limitations period. B. In Opp. To M. Summ. J (doc. 96) at C.A. 04-1809, at 6. We also note that any claim relative to the construction, advertisement, and sale of homes are barred because the effective date of these claims for limitations purposes is also May 9, 2005.

We also find, consistent with our legal analysis in the First Action, that to the extent that Counts I-VI and VIII-XIII (some of which we now dismiss for lack of subject matter jurisdiction, nevertheless) are stating claims for the alleged violations of technical drawing copyrights, the sale of those homes also cannot constitute infringement. Such copyrights do not prevent the construction of homes from those drawings. Thus these counts fail to state a claim for infringement relative to the sale of homes and will be dismissed in that regard as well.

The Hanna Defendants further argue that to the extent that any claims remaining are still

9

viable, they should be dismissed on the grounds that a prior action is pending, res judicata, claim preclusion, and also, that Morgan is impermissibly splitting his cause of action. We find that even if such arguments were not moot, under the unique procedural history of this case, they are denied. We note that the plaintiff had sought leave to amend the First Action and we denied the request, hence, the impermissible splitting of his cause of action occurred as a result of our ruling in the First Action.

With respect to the remaining arguments set forth by the Hanna Defendants, we find they lack merit at this point in the litigation because they include factual matters outside the pleadings.

### B. Pitell and Palm Properties

Pitell and Palm argue that at Counts I-XI and XIII, plaintiff has not met his obligation to allege facts sufficient to "'raise a right to relief above the speculative level,' even if one proceeds on 'the assumption that all the allegations in the complaint are true . . . '", citing Twombly, 127 S. Ct. at 1964. They argue that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff cannot simply allege that he needs to conduct discovery to determine whether he has a claim. Defendant Pitell explains that plaintiff "alleges no copying whatsoever by Pitell, and expressly states that '*[i]t is not known without further discovery* whether Pitell Contracting, Inc. and Palm Properties, L.P. have infringed' upon the sets of plans at issue in those counts." Br. in Supp. of Pitell's M. Summ. J. at 4 (emphasis added). We note that the Second Amended Complaint does so allege, and that plaintiff has repeatedly used the following language: "it is not known without further discovery whether [defendant] has infringed on this particular set of plans . . ." See Second Amended Complaint at ¶ 34 (Count I–Stafford), ¶ 41 (Count II–Berkshire), ¶ 48 (Count III–Breckland), ¶ 54 (Count IV–Georgetown), ¶ 61 (Count V–Connor), ¶69, (Count VI–Bedford)), ¶78 (Count VII–Bedford Lot 30), ¶ 85 (Count VIII–Cambridge), ¶ 93 (Count IX–Hampton) (such language naming Pitell only), ¶ 100 (Count X–Kent), ¶ 108 (Count XI–Oxford), and ¶ 124 (Count XIII–York I). According to Palm and Pitell, such arguably vague allegations fail to state a claim for copyright infringement and should be dismissed.

10

In response, plaintiff argues that the Twombly standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the essential elements of the case]," Br. In Opp. of Pitell (Doc. 66) at 4; Br. In Opp. of Palm, Doc. 67 at 4. We need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n. 3.

We find that plaintiff has pled enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements for copyright infringement. The language "it is not known without further discovery whether [defendant] has infringed on this particular set of plans . . ." which is fairly speculative, must be read in concert with the general allegations of the complaint, which are incorporated by reference at each count. At ¶ 20 of the Second Amended Complaint, plaintiff alleges:

> Hanna Holdings and its subsidiaries now advertise the construction of Morgan homes through Pitell Contracting Inc. and Palm Properties L.P. The advertising is attached hereto and marked as Exhibit "3". The drawings that are being used to construct these houses are drawings that were originally sold by Mr. Morgan to Seven Fields Development Corporation and Larry Schnep Custom Homes and possibly others, for one time use. The Defendants acquired these drawings (that Mr.

11

> Morgan sold to others for the one time use) and now copy the drawings and use the drawings to make derivative works and to build homes of his design over and over again without authority to do so.

Furthermore, Plaintiff has alleged that, in addition to actively concealing the location of the infringing property, discovery in the First Action:

> also revealed that all the subsidiaries, not just Hanna Holdings and Hawthorne Homes, profited from the infringement. The discovery has also revealed that Hanna Holdings has shifted its advertising from its own builder, Hawthorne Homes, to independent builders Pitell Contracting Inc., and Palm Properties L.P.

Second Amended Complaint ¶ 21. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We find that, on the whole, the Second Amended Complaint at the counts at issue states claims that are plausible on their face and that the plaintiff has alleged sufficient grounds on which his claims rest. It may ultimately be established, upon completion of discovery in due course, that plaintiff's allegations have no sufficient factual support so as to create a genuine issue of material fact, however, at this early juncture, plaintiff may continue pursuing his cause of action.

Next, Pitell argues that Count XII should be dismissed because the drawings at issue in that Count are not substantially similar to plaintiff's copyright in the "Wainscot Lot 324" plans. According to Pitell, in addition to finding the alleged infringer had access to the original work, "the fact-finder must decide whether there is sufficient similarity between the two works in question to conclude the alleged infringer used the copyrighted work in making his own," citing Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199. 207-08 (3d Cir. 2005).

The law is clear that to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "If the plaintiff does not have direct proof of copying, the plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are 'substantially similar.' " Oravec v. Sunny Isles Luxury Ventures, L.C. 527 F.3d 1218, 1223 (11th Cir. 2008), citing Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1248 (11th Cir.1999).

A certificate of registration issued by the Copyright Office is prima facie evidence of

ownership of a copyright. Cottrill v. Spears, No. Civ. A. 02-3646, 2003 WL 21223846, at *4 (E.D. Pa. May 22, 2003) (citing 17 U.S.C. § 410(c) (2003); Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 290 (3d Cir.1991)). Copying may be proved by direct evidence or "[a]s it is rarely possible to prove copying through direct evidence, copying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc., 797 F.2d 1222, 1231-1232 (3d Cir.1986) (internal citations omitted).

The second element, "substantial similarity" is comprised of two specific tests, both of which must be met. See Kay Berry, Inc, 421 F.3d at 208. Under the first test, or the "extrinsic" test, the fact-finder must determine if the two works are "sufficiently similar to conclude that the alleged copier ... copied from another work to make their [sic] own." Wizkids Creations, 2003 U.S. Dist. LEXIS 3200, at *11. Under the second test, or the "intrinsic" test, the fact-finder must determine "whether a 'lay observer' would find the similarities to be the result of 'unlawful' or 'illicit' copying of another work." Id. at 12.

We find that the allegations in the Second Amended Complaint are sufficient to establish the element of substantial similarity. We have examined the "Wainscott Lot 324" plans and the picture of a Pitell house found in Exhibit 3 to the Second Amended Complaint. Out of an abundance of caution we find that a reasonable jury could conclude that the works at issue are sufficiently similar, such that the works created by Morgan were copied. A jury could also conclude that these similarities resulted from the unlawful copying of the original work. As such, Morgan's claims for copyright infringement withstand the Motion to Dismiss Count XII on this basis.

Date: June 29, 2009

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

13