IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY L. MORGAN, T/A/D/B/A )
CONCEPTS RESIDENTIAL )
DESIGN COMPANY, )
         Plaintiff, )
         v. ) Civil Action No. 07- 803
HANNA HOLDINGS, INC., et al. )
         Defendants. )

## MEMORANDUM OPINION & ORDER

Presently pending before the court are numerous motions.

**First**, plaintiff has filed a "Rule 60 Motion to Correct the Order of June 29, 2009" (Doc. 85) and defendants have filed a reply thereto (Doc. 90). We will deny plaintiff's motion but will amend the order.

In the Order dated June 29, 2009, we dismissed Counts I-IV, VI and IX-XI for lack of subject matter jurisdiction. In our Opinion filed contemporaneously thereto, we explained that these counts were dismissed in their entirety for lack of subject matter jurisdiction, and to the extent that they are architectural works claims, they are also barred by the statute of limitations. Moreover, we held that to the extent that Counts I-VI and VIII-XIII make claims for infringement of a technical drawing, the construction and sale of those homes cannot constitute direct infringement -- those counts were therefore dismissed on that additional basis. We now make clear that there is no longer any actionable direct copyright infringement alleged in Counts I-VI and VIII-XIII against the defendants which falls within the limitations period from the original filing date of this action. Said Counts (I-VI and VIII-XIII) are also dismissed as to all Hanna subsidiaries to the extent those counts allege contributory or vicarious infringement based upon direct infringement by Hanna Holdings, Hawthorne Homes, and Howard Hanna Real Estate.

**Second**, plaintiff has filed a Motion to Amend Complaint (Doc. 105). He requests that we permit him to amend his complaint to add claims against defendant Pitell Contracting, Inc. Pitell has filed a brief in opposition (Doc. 106). We will deny the motion to amend.

Morgan has recently filed two new copyright registration applications: one, dated October 2009 (technical drawings), the other, February 2010 (architectural work). These applications relate to a set of drawings under the heading "Hampton III", which is not derivative of any other copyright held by him.

Fed. R. Civ. P. 15(a) provides that "leave shall be freely given where justice so requires." Nevertheless, where proposed amendments would be futile, including causes of action which would violate the applicable statute of limitations, leave to amend may be denied. Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997). Moreover, it may be appropriate to deny a motion to amend where the amendment is prejudicial, arises from undue delay, bad faith, or dilatory motive. Id.; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Such is the case here. Morgan has requested numerous amendments over the course of this litigation, and discovery closed in this second cause of action on February 13, 2010. We find that there is no good cause shown and that Morgan was not diligent in seeking to amend his complaint. We reject Morgan's assertion that these drawings were revealed during discovery; it appears that Morgan knew that Pitell was using the drawings he now identifies as "Hampton III" more than a year before he filed his Original Complaint. In addition, we note that Pitell has begun preparation for expert discovery, and has been prepared to defend allegations that it had infringed the "Hampton" plans, which the plaintiff has admitted in his recent deposition, are materially different from the "Hampton III" plans. We find that Morgan's attempt to substitute new copyrights for the old after fact discovery has closed constitute undue delay in the litigation and would prejudice the defendants, who have relied upon plaintiff's pleadings to conduct discovery and develop a defense.

In addition, as we explained in our prior ruling dismissing Morgan's claims against the Hanna Defendants in the Second Amended Complaint, he may not amend his complaint to add

new claims based on newly filed copyrights where the new claims were asserted after the three year statute of limitations has run; the attempt to add new claims does not relate back to the original complaint. Opinion dated June 29, 2009 at p. 6, citing, inter alia, 17 U.S.C. § 411(a); 17 U.S.C. § 507.. We also have doubts whether Morgan can proceed with his claims involving copyrights for which Morgan has only filed an application, as opposed to a registration. See, e.g. Main Drug, Inc. v. Aetna US Healthcare, Inc., 475 F.3d 1228 (11th Cir. 2007)

**Third**, Defendant Pitell Contracting, Inc.'s has filed a Motion to Stay Discovery (Doc. 107). Pitell requests that its discovery obligations be stayed pending the outcome of the Motion to Amend (Doc. 105). Said request is now moot. We will, however, grant the parties some additional time to file expert reports and to take depositions of experts.

AND NOW, to-wit, this **30th** day of March, 2010, it is hereby ORDERED THAT:

1.) Plaintiff's "Rule 60 Motion to Correct the Order of June 29, 2009" (Doc. 85) is hereby DENIED as requested.

2.) The Order dated June 29, 2009 (Doc. 83) is hereby AMENDED as follows: ¶ 3 shall be replaced in its entirety with the following: "The Hanna Defendant's "Motion to Dismiss Second Amended Complaint" (doc. 63) be and hereby is GRANTED IN PART and DENIED IN PART, consistent with the Opinion filed contemporaneously herewith. Counts I-IV, VI and IX-XI are hereby dismissed on the grounds that we lack subject matter jurisdiction. In addition, Counts I-VI and VIII-XIII are dismissed in their entirety as against Hanna Holdings, Hawthorne Homes, and Howard Hanna Real Estate." All other portions of the June 29, 2009 Order (Doc. 83) shall remain the same.

3.) Plaintiff's "Motion to Amend the Complaint" (Doc. 105) is DENIED.

4.) Defendant Pitell Contracting, Inc.'s Motion to Stay Discovery (Doc. 107) is hereby DENIED as Moot.

5.) Our Case Management Order (Doc. 100) dated August 17, 2009 is AMENDED as follows:

a.) Plaintiff's expert report(s) shall be due on or before April 15, 2010

3

  b.) Any deposition(s) of Plaintiff's expert(s) shall be completed on or before May 1, 2010.

  c.) Defendants' expert report(s) shall be due on or before May 15, 2010.

  d.) Any deposition(s) of Defendants' expert(s) must be completed on or before June 1, 2010.

6.) The court shall conduct a post-discovery status conference on June 7, 2010 at 1:30 in Courtroom 8A, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Senior Judge

cc: record counsel

4