IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY L. MORGAN, T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 07- 803<br>) |
| HANNA HOLDINGS, INC., et al. | )<br>) |
| Defendants. | ) |

## OPINION

Presently pending before the court is a motion for partial summary judgment filed on behalf of the plaintiff, Randy L. Morgan, t/a/d/b/a Concepts Residential Design Company. All issues have been briefed and are ripe for disposition.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). We note that an amendment to the text of Fed. R. Civ.P. 56 became effective on December 1, 2010. The amendment did not result in a change to the standard (i.e. the word "issue" within subsection (c) has been changed to "dispute"). Even so, we quote the language of the version of the Rule that was in effect at the time parties moved for summary judgment as it is appropriate to dispose of the motion under that version. See Fairclough v. Wawa, Inc., 2010 WL 5209327, at *3 n. 3 (3d Cir. Dec. 23, 2010).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is

1

"genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D.Pa.1992).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Upon such a showing, the burden then shifts to the non-moving party to present "specific facts showing the existence of a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324 (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence -- regardless of whether it is direct or circumstantial -- must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir.1989)).

Plaintiff has filed a Motion for Partial Summary Judgment on the Affirmative Defense of "License" (Doc. 146), in which he argues that we should apply the doctrine of judicial estoppel. Defendant Hawthorne Homes Company, Inc.'s schedule of assets, which was filed with their voluntary Chapter 7 bankruptcy petition, denied the existence of any license, a position which plaintiff claims is inconsistent with the defendants' affirmative defense in the case at bar. Hawthorne Homes admits that it denied any license on September 4, 2009 – the date the debtor

2

filed its schedule of assets -- but contends that it did have a license to build homes in 2001-2004; regardless, that license currently is non-transferable, has no value and has been abandoned.

We will deny the motion for summary judgment. In Chao v. Roy's Const., Inc., 517 F.3d 180, 186 (3d Cir. 2008) the United States Court of Appeals for the Third Circuit, citing New Hamphire v. Maine, 532 U.S. 742, 751 (2001) explained:

> The Supreme Court has identified several factors that "inform" a court's decision regarding whether to apply judicial estoppel. Not only must the court find that a party adopted inconsistent positions, but it should also consider whether the party succeeded in convincing a tribunal to accept its position and whether the party would derive an unfair advantage in the absence of estoppel. Id. at 750-51. Our Court's decisions instruct that judicial estoppel has three threshold requirements: first, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in "bad faith"; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319-20 (3d Cir. 2003) (quoting Montrose Med. Group Participating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir.2001)). We have also endorsed the view that judicial estoppel is an extreme remedy, to be used only "when the inconsistent positions are 'tantamount to a knowing misrepresentation to or even fraud on the court.' " Krystal, 337 F.3d at 324 (quoting Total Petroleum, Inc. v. Davis, 822 F.2d 734, 738 n. 6 (8th Cir.1987)).

We find that in the instant case, the defendants have not adopted irreconcilably inconsistent positions and have not gained an unfair advantage such that the extreme remedy of judicial estoppel should be utilized. After reviewing the testimony and documentary evidence, we find that defendants have presented sufficient evidence to support their argument that Hawthorne Homes no longer built homes in 2009 when it declared bankruptcy, and because it arguably had abandoned the drawings, it no longer had any license. Moreover, according to the testimony of its corporate representatives, there was no reason to list it in the bankruptcy schedule because it had no value for the purpose of discovering the present day assets of the company which could be distributed to creditors. This position is separate but not inconsistent

3

with the issue of whether Hawthorne had a license to build and sell houses in 2001-2004. Morgan still has the ability to prove that Hawthorne Homes never had such a license. Finally, we also note that there is not sufficient evidence of bad faith to support the granting of summary judgment.

For these reasons, we will deny the motion for partial summary judgment.


Date: March 3, 2011

Maurice B. Cohill, Jr.
Senior United States District Judge

4