IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY L. MORGAN, T/A/D/B/A )
CONCEPTS RESIDENTIAL )
DESIGN COMPANY, )
  )
    Plaintiff, )
  )
v. ) Civil Action No. 07- 803
  )
HANNA HOLDINGS, INC., et al. )
  )
    Defendants. )

## OPINION

Presently pending before the court are two motions for summary judgment. All issues have been briefed and are ripe for disposition. This case is currently scheduled for a jury trial commencing March 21, 2011.

### Background

On June 29, 2009, as clarified by our Memorandum Opinion and Order dated March 31, 2010, we granted the motion to dismiss at Counts I-IV, VI, and IX-XI on the grounds that we lack subject matter jurisdiction over the architectural works copyright claims and to the extent that they are architectural works claims, they are also barred by the statute of limitations. (Morgan had admitted that Hawthorne no longer constructs homes and that all new housing starts were stopped in June of 2004, which is outside the limitations period.) We also held that to the extent that Counts I-VI and VIII-XIII make claims for infringement of a technical drawing, the construction and sale of those homes cannot constitute direct infringement. Counts I-VI and VIII-XIII were dismissed to the extent they alleged direct infringement. Counts I-VI and VIII and XIII were also dismissed as to all Hanna Subsidiaries to the extent those counts allege contributory or vicarious infringement based upon direct infringement by Hanna Holdings,

1

Hawthorne Homes, and Howard Hanna Real Estate.

After we issued our Memorandum Opinion and Order on March 31, 2010, the plaintiff settled with Palm Properties on June 16, 2010 (Doc. 119). A post-discovery status conference was scheduled for July 13, 2010. On June 28, 2010, all remaining defendants filed a "Motion to Clarify Damages Available to Plaintiff Based on Prior Rulings in this Case" (Doc. 122). In that motion, the defendants explained that negotiations between the plaintiff and remaining defendants had reached a stand-still based on differing interpretations of our rulings. We thereafter granted the defendant's request that each party prepare a written statement setting forth what it believed to be the claims that survive our orders relating to the motions to dismiss; in the event that the parties could not come to an agreement, we would appoint a mediator to evaluate the claims and to attempt to settle the case. Order dated July 7, 2010 (Doc. 123). The court received the written statements but they were not made part of the record.

After conducting a brief status conference on July 13, 2010, at which time settlement was not reached, we referred the case to mediation and appointed David G. Oberdick, Esq. as special master and mediator. Order dated July 14, 2010 (Doc. 125). In the event that a settlement was not reached, we listed the case for trial commencing January 3, 2011. Plaintiff settled with Pitell Contracting on August 19, 2010 (Doc. 131).

During the fall 2010, Attorney Oberdick received copies of the written statements and conducted settlement negotiations. The Court did not request any formal written evaluation from him and was not made aware of the mediator's analysis. We presume that attorney Oberdick shared with counsel his legal opinion as to which claims remained in the case. A settlement was not reached.

Hanna Holdings, Hawthorne Homes, and the Hanna subsidiaries thereafter filed the pending motions for summary judgment on October 27, 2010. (Doc. 132, 135). The trial date was postponed until March 21, 2011. Order dated December 22, 2010 (Doc. 155).

Our July 7, 2010 order (Doc. 123), which appointed the mediator "to evaluate the claims

2

and determine what specific claims for construction of houses and uses of plans the Plaintiff may make in trial," states that "[f]ollowing [the mediation], the Court will entertain one more conference for the purpose of evaluating settlement." We have not done so. We will enter an order scheduling a status conference forthwith.

Despite these efforts on the part of counsel, the Court, and the mediator, the parties still have divergent interpretations of what claims remain.

## **The Motions**

Defendants Hanna Holdings, Inc. ("Holdings") and Hawthorne Homes Company, Inc. ("Hawthorne Homes") have jointly filed a motion for summary judgment (Doc. 132). According to the movants, "the only Count of the Second Amended Complaint that has not been dismissed as to Holdings and Hawthorne is Count VII." They then argue that summary judgment is appropriate because, by plaintiff Randy Morgan's own judicial admission, Holdings and Hawthorne are not named defendants in Count VII of the Second Amended Complaint. See Second Amended Complaint (Doc. 40) ¶¶ 76, 77 ("The infringement of these plans by Hawthorne Homes and Hanna Holdings is the subject matter of the related case at 04-CV-1809...[T]he infringement of these plans by Pitell Contracting, Inc. and Palm Properties L.P. is the subject matter of this lawsuit."). Holdings and Hawthorne Homes reason that, when the allegations as stated in paragraphs 76 and 77 of the Second Amended Complaint are read in conjunction with our prior rulings (of which the parties have differing interpretations), the only remaining viable claim for direct infringement as against them is Count VII ("Bedford Lot 30") of the Second Amended Complaint, see Order dated March 31, 2010 (Doc. 109), which they argue expressly excludes them.

In a separate motion, defendants Bayard Crossings, Inc., Howard Hanna Real Estate Services, Inc., Howard Hanna Mortgage Services, Inc. and Barristers Land Abstract, Inc., all of which are subsidiaries of Holdings, (collectively the "Hanna Subsidiaries"), have filed a "Motion for Summary Judgment on Behalf of the Hanna Subsidiaries" (Doc. 135) on the grounds that: 1)

3

plaintiff did not sufficiently plead contributory or vicarious copyright infringement; 2) plaintiff did not produce any evidence that the Hanna subsidiaries vicariously or contributorily infringed based on the alleged direct infringement by Pitell Contracting or Palm Properties; 3) by virtue of plaintiff's settlement with Pitell Contracting and Palm Properties, vicarious or contributory liability against the Hanna subsidiaries cannot be established, because plaintiff cannot prove that Pitell and Palm were direct infringers; 4) plaintiff is not entitled to a presumption of validity or originality; and 5) plaintiff is not entitled to statutory damages or attorney fees.

**Summary Judgment Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord* Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). We note that an amendment to the text of Fed. R. Civ.P. 56 became effective on December 1, 2010. The amendment did not result in a change to the standard (i.e. the word "issue" within subsection (c) has been changed to "dispute"). Even so, we quote the language of the version of the Rule that was in effect at the time parties moved for summary judgment as it is appropriate to dispose of the motion under that version. See Fairclough v. Wawa, Inc., 2010 WL 5209327, at *3 n. 3 (3d Cir. Dec. 23, 2010).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D.Pa.1992).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Upon such a

showing, the burden then shifts to the non-moving party to present "specific facts showing the existence of a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324 (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence -- regardless of whether it is direct or circumstantial -- must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir.1989)).

Plaintiff argues that the defendants have incorrectly read the March 31, 2010 order; he concludes that "[i]t appears from this court that all claims based on technical drawings are in the case if they arose between June 13, 2004 and June 13, 2007." Brief in Opp. of M. for Summ. J. of Hanna Holdings and Hawthorne Homes (Doc. 140) at 4. Defendants have stated that "Morgan admits all [copying, distribution or preparation of derivative works from those technical drawing copyrights] occurred prior to June 12, 2004." Defs' Statement as to Claims Remaining at 3. Morgan admitted that Hawthorne no longer constructs homes and that all new housing starts were stopped in June of 2004. As far as we can tell, based on the information presented to the court, which we note is somewhat lacking in clarity, plaintiff alleges and has evidence of copying of the technical drawings which occurred after that date. In Plaintiff's Statement as to Claims Remaining, plaintiff explains:

The plaintiff has made no such admission. It is, and has always been, Plaintiff's position

5

that, although the initial copying of the technical drawings at issue may have occurred prior to June 12, 2004, additional, and indeed more pervasive copying and distribution of the technical drawings took place as the homes were built and sold, and indeed, each of the homes listed in Plaintiff's Counsel's May 26, 2010 letter were built and sold, and the technical drawings copied and distributed to multiple parties, **after** June 12, 2004. As a result, Plaintiff is entitled to pursue those claims.

Of course, allegations as to a claim are different from evidence of that claim.

Contributory infringement arises when a party: (1) knew or had reason to know of the infringing activity; and (2) intentionally induced, caused, or materially contributed to the infringing conduct of another. Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd., 545 U.S. 913 (2005). In order to be vicariously liable, a defendant (1) must possess the right and ability to supervise the infringing conduct; and (2) have an obvious direct financial interest in the exploitation of copyrighted materials. Luft v. Crown Publishers, Inc., 772 F. Supp. 1378 (S.D. N.Y. 1991).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47, (1957) (abrogating the decision in other respects). The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir.2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but ... "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). Moreover, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004). We will deny the motion for summary judgment

6

as to Count VII. The allegations contain enough factual matter to support the alleged cause of action and to give the defendants fair notice. Even if the Second Amended Complaint were vulnerable to dismissal, we must permit a curative amendment, unless said amendment would be inequitable or futile. Alston v Parker, 363 F.3d 229, 235-36 (3d Cir. 2004). At this juncture, based on our review of the factual averments and history of the case, such an amendment would neither be inequitable or futile.

As to the argument that they are not named in Count VII, we will deny the motion for summary judgment filed by Holdings and Hawthorne. Paragraph 72 alleges that "[t]he above paragraphs are incorporated into this count by reference." A fair reading of the complaint as a whole makes it clear that Holdings and Hawthorne are named defendants at Count VII. The Second Amended Complaint alleges that "Hawthorne Homes stated that it had no use for the Morgan drawings, and would return the drawings; however, it has not returned the drawings. Instead, Hanna Holdings and its subsidiaries now advertise the construction of Morgan Homes through Pitell Contracting Inc. and Palm Properties L.P. . . . the drawings that are being used to construct these houses are drawings that were originally sold by Mr. Morgan to . . . [others] for one time use. The Defendants acquired these drawings . . . and now copy the drawings and use the drawings to make derivative works and to build homes of his design over and over again without authority to do so." Second Amended Complaint ¶ 20. It further alleges that "Hanna Holdings and its subsidiaries have infringed on the copyrights contributorily by intentionally inducing or encouraging direct infringement, and have infringed vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Second Amended Complaint ¶ 23. Plaintiff has not made any judicial admission; we will err on the side of caution and find that the failure to name Holdings and Hawthorne is clerical error.

Nevertheless, we agree with the defendants' argument that Morgan has identified and shown no evidence of infringement during the relevant time period as to these two defendants. Plaintiff argues that the officers of Hanna Holdings and Hawthorne Homes, (individuals who

7

held various official positions with the subsidiaries over the years) were on notice that Morgan objected to the use of his drawings without his permission. However, with respect to Count VII, Morgan did not produce any affirmative evidence that any alleged copying, distribution and preparation of derivative works by Hanna Holdings or Hawthorne Homes occurred after June 13, 2004. We are mindful of the summary judgment standard and the burdens imposed on the movant and non-movant when we make this ruling. We will grant the motion for summary judgment filed by Defendants Holdings and Hawthorne.

We do have, however, evidence that certain subsidiaries may have contributed to direct infringement. For example, another subsidiary of Hanna Holdings, Howard Hanna Real Estate Services ("HHRE"), advertised and marketed homes for Palm and Pitell using pictures and renderings of Morgan's drawings as late as May 7, 2006. How HHRE obtained those drawings is not clear and could be called suspect given the unique overlap of the individuals in charge of the various subsidiaries. The plaintiff should be permitted to present to the jury any evidence which would enable a reasonable factfinder to conclude that the contributory infringement occurred and/or that the defendants should be held vicariously libel with respect to the direct infringement by Palm and Pitell.

Defendants argue that Morgan has not shown any evidence of a clear expression or affirmative act showing an intent to foster infringing activity on the part of Palm and Pitell. We find that a reasonable fact finder could infer at a minimum that the Hanna Subsidiaries – in particular, HHRE -- had the right or ability to stop the alleged direct infringement when they agreed to advertise using drawings for which they arguably knew Morgan sought copyright protection. We note that there is evidence that HHRE advertised certain designs in the newspaper and over the internet, and that Palm and Pitell sold models (Hampton III) that are arguably "substantially similar" to the models advertised. See Exhibits 8, 11, and 14 to Pl.'s Br. in Opp. To M. for Summ. J. (Doc. 139). At this juncture there is no direct evidence that the website was used to advertise for Palm and Pitell, but we will leave the decision to the jury. In

addition, at this late juncture, we will permit plaintiff to attempt to prove his case at trial with respect to the role any of the subsidiaries may have played in the infringement by Palm and Pitell, by way of providing various services to them and profiting from those services. In the event he does not meet his burden of proof we can grant a motion for judgment as a matter of law prior to the case being submitted to the jury. Fed. R. Civ . P. 50.

We reject the Hanna Subsidiaries argument that by virtue of plaintiff's settlement with Pitell Contracting and Palm Properties, vicarious or contributory liability against the Hanna subsidiaries cannot be established, because plaintiff cannot prove that Pitell and Palm were direct infringers. Defendants note that Morgan's release of Palm and Pitell effectuates the release of the Hanna Subsidiaries because their liability is derived from Palm and Pitell's liability. Although tricky, such a procedural posture is not unheard of, and we will discuss how the presentation of evidence may be made at trial when we meet with counsel prior to trial.

As to the Hanna Subsidiaries argument that plaintiff is not entitled to a presumption of validity or originality we have previously determined that Morgan has sufficient evidence of validity and originalitiy to go to the jury, despite not being entitled to the presumption of originality. (C.A. 04-1809, Doc. 172 at 1-15).

Finally, the Hanna Subsidiaries argue that plaintiff is not entitled to statutory damages or attorney fees. Pursuant to 17 U.S.C. § 412, no award of statutory damages or attorney's fees shall be made for any infringement of copyright commenced after first publication of the work. We will deny the motion without prejudice and direct that instead, this issue be decided upon a motion *in limine* by the defendants. At this juncture it is difficult to say definitively -- without imposing an undue burden on the court to comb through various detailed exhibits -- whether any home was built after the first publication of Morgan's works utilizing the plans at issue. Defendants shall be permitted to file said motion on or before March 21, and plaintiff may respond on or before March 28, 2011.

It is apparent from the procedural dueling that has constantly occurred between the

commencement of this case and the present eve of trial, that presentation of the case by the plaintiff, and consideration of the factual issues by a jury, will be extremely difficult. Once more, we urge all parties to explore settlement of this difficult case.

Date: March 16, 2011

Maurice B. Cohill, Jr.
Senior United States District Judge