IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY L. MORGAN T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1809 |
| HAWTHORNE HOMES, INC. | ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| RANDY L. MORGAN T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-803 |
| HANNA HOLDINGS, INC., et al. | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendants' Motion in Limine as to Statutory Damages and Attorney Fees (Doc. 220 in No. 04-1809 and Doc. 165 in No. 07-803), Plaintiff's Reply to Defendants' Motion in Limine as to Statutory Damages and Attorney Fees (Doc. 166 in No. 07-803), Defendants' Reply to Plaintiff's Reply to Defendants' Motion in Limine as to Statutory Damages and Attorney Fees (Doc. 168 in No. 07-803), and Defendants' Supplemental Brief in Support of Motion in Limine as to Statutory Damages (Doc. 173 in No. 07-803). Defendants request that the Court rule that Plaintiff Morgan is precluded from recovering statutory damages

1

or attorney's fees arising out of the copyright infringement described in his Amended Complaint (Doc. 23 in No. 04-1809) and Second Amended Complaint (Doc. 49. in No. 07-803). For the reasons stated herein, we will grant Defendants' motion. Morgan may not recover statutory damages or attorney's fees under the Copyright Act, 17 U.S.C. 101 *et seq.* for any infringement because the alleged infringement commenced prior to copyright registration.

## I. Background

The underlying facts and background of this dispute are set forth in detail in various rulings before the Court (Doc. 172 in No. 04-1809 and Docs. 82, 109, 162 in No. 07-803) and need not be repeated here. Morgan alleges that the infringement began when Hanna Holdings acquired several of his drawings of homes in 2001. (Sec. Am. Compl. ¶ 9.) Thereafter, Hanna Holdings distributed the drawings to Hawthorne Homes and Hawthorne Homes made copies of them. (Am. Compl. ¶¶ 14, 21, 27, 33, 40, 47, 53, 60; Sec. Am. Compl. ¶ 10.) With these plans, the various subsidiaries of Hanna Holdings (including Bayard Crossings, Howard Hanna Real Estate Services, Howard Hanna Mortgage Services, and Barristers Land Abstract Company), continued the infringement by using Morgan's plans to construct, market, and sell houses. (*Id.* ¶¶ 11-16.) Morgan registered the plans at issue as technical drawings and architectural works at various points from April 2004 to October 2009. (Exhibits 2-3, 9-10, 12, 14-15, 20 to Am. Compl.; Exhibits 4-25 to Sec. Am. Compl.) Morgan did not register any of these drawings prior to 2001.[1]

Although the initial infringement began in 2001, Morgan claims that the infringement continued and also occurred after he registered his drawings as technical drawings and architectural works. Therefore, Morgan asserts, he should not be prevented from recovering

---

[1] It is undisputed that Morgan published all his works prior to registration.

2

statutory damages because while the initial infringement occurred prior to the registration, Defendants continued to infringe on his copyrights post-registration. Defendants argue that because the infringement began pre-registration, Morgan is barred from recovering statutory damages under 17 U.S.C. § 412, notwithstanding any alleged infringement post-registration.

## II. Analysis

Pursuant to the Copyright Act, a copyright owner in a civil infringement lawsuit may elect one of two types of damages: (1) actual damages and "any additional profits of the infringer" or (2) statutory damages. 17 U.S.C. § 504(a)-(c). The court may also award "a reasonable attorney's fee to the prevailing party." *Id.* § 505. The Act, however, makes clear that copyright registration is a prerequisite to recovering certain remedies for infringement. Specifically, § 412(2) states that statutory damages and attorney's fees are not available for:

> any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2).

We must decide whether Morgan may recover statutory damages and attorney's fees for infringement that began prior to copyright registration but continued post-registration. The United States Court of Appeals for the Third Circuit has not addressed this issue. Several courts of appeals, however, have done so and have ruled that statutory damages and attorney's fees are unavailable in this instance. *See, e.g., Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008); *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007); *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998). We agree with the reasoning of these courts.

3

The scope of damages available to Morgan necessarily depends on the meaning of "commenced" under § 412. Defendants assert that any post-registration incidences of infringement are continuous and ongoing acts stemming from the initial infringement, and because infringement "commenced" prior to registration, statutory damages and attorney's fees are unavailable. Morgan appears to argue that any post-registration infringement constitutes new infringement, thereby justifying an award of statutory damages and attorney's fees.

Courts considering this issue have uniformly rejected Morgan's argument and agreed that copyright infringement commences for purposes of § 412 when the first act in a series of acts of continuing infringement occurs. *Bouchat*, 506 F.3d at 331; *Derek Andrew*, 528 F.3d at 700-01; *Johnson*, 149 F.3d at 506; *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) ("Under section 412, infringement 'commences' when the first act of infringement in a series of on-going discrete infringements occurs."); *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) ("[T]he first act of infringement in a series of ongoing separate infringements 'commence[s]' one continuing 'infringement' under Section 412(2)." (brackets in original)); *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1998); *Johnson v. Univ. of Va.*, 606 F. Supp. 321, 325 (W.D. Va. 1985) (rejecting argument that copyright infringement "commences" with each new act in an ongoing infringement because "ascribing such a meaning to the term 'commenced would totally emasculate § 412."); *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 609 F. Supp. 1325, 1331 (E.D. Pa. 1985) ("Interpreting 'commencement of infringement' as the time when the first act of infringement in a series of on-going discrete infringements occurs . . . would best promote the early registration of a copyright."). This interpretation makes sense because "it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act" because "[t]hat verb generally presupposes

4

as a subject some kind of activity that begins at one time and continues or reoccurs thereafter." *Singh*, 680 F. Supp. at 535.

The legislative history behind this provision confirms this interpretation. Section 412 "is designed to implement two fundamental purposes." *Derek Andrew*, 528 F.3d at 700. First, although the Copyright Act of 1976 removed compulsory registration for published and unpublished works, Congress recognized that registration is a valuable deterrent to infringement and "[c]opyright registration for published works . . . should therefore be induced in some practical way." H.R. Rep. No. 94-476, at 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774. In this regard, "Congress sought to provide copyright owners with an incentive to register their copyrights promptly." *Derek Andrew*, 528 F.3d at 700. Significantly, Congress noted that "section 412 would deny any award of the special or 'extraordinary' remedies of statutory damages or attorney's fees where infringement of copyright . . . of [a] published work . . . commenced after publication and before registration." H.R. Rep. No. 94-476, at 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774. Second, § 412(2) "encourages potential infringers to check the Copyright Office's database." *Derek Andrew*, 528 F.3d at 700. Indeed, "[t]hese purposes would be thwarted by holding that infringement 'commenced' for purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts." *Johnson*, 149 F.3d at 505. Therefore, we agree that § 412(2) precludes an award of statutory damages and attorney's fees when the initial act of infringement occurs prior to the effective copyright registration date and the same infringement continues post-registration. *See Derek Andrew*, 528 F.3d at 700.

Having concluded that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement for purposes of §

5

412(2), we consider whether Defendants' alleged acts of post-registration infringement were a continuation of its initial pre-registration infringement. The allegations set forth in Morgan's Amended Complaint and Second Amended Complaint illustrate that the alleged infringement arose out of and continued from the initial infringement. Specifically, Morgan asserts that Defendants violated his copyrights "by making copies of the plans" and "by making copies of the plans, by making derivative works, and by building houses according to his plans." (Am. Compl. ¶¶ 14, 21, 27, 33, 40, 47, 53, 60; Sec. Am. Compl. ¶¶ 32-33, 39-40, 46-47, 52-53, 59-60, 66, 75, 82, 89, 97, 105, 114, 121.) Insofar as Morgan alleges that Hawthorne Homes began infringing on his copyrights in 2001 by repeatedly copying his drawings, and that all infringement by the subsidiaries of Hanna Holdings arose out of this initial infringement, any post-registration conduct is therefore traceable to pre-registration conduct. As such, the pre-registration infringement and the post-registration infringement (between which Morgan does not distinguish in his Amended Complaint or Second Amended Complaint) constitute one continuing infringement for purposes of § 412(2). There is no legally significant difference between the pre-registration conduct and the post-registration conduct (if at all) that would suggest that the alleged infringement was anything but an ongoing series of infringements that commenced in 2001. *See Derek Andrew*, 528 F.3d at 701 (determining that § 412 barred recovery of statutory damages where defendant engaged in an ongoing series of infringement by the same act that began prior to registration). Each act of infringement stems from the initial acquisition and copying of Morgan's drawings by Hawthorne Homes, and their later use by the subsidiaries of Hanna Holdings. As such, any incidences of post-registration infringement were ongoing acts that "commenced" prior to registration and therefore § 412(2) prevents recovery of statutory damages and attorney's fees in that regard. The fact that the liability of the various

6

subsidiaries of Hanna Holdings is grounded in contributory or vicarious infringement makes no difference. *See Bouchat*, 506 F.3d at 331 ("Because a statutory damages award covers 'all infringements involved in the action . . . for which' infringers are liable [under § 504(c)(1)] it is appropriate to treat the earliest date of infringement by *any* participant in a line of related copyright violations as the date of commencement." (emphasis in original)). Section 412(2) bars Morgan's recovery of statutory damages and attorney's fees because the infringement began in 2001, well-before any of the copyrights were registered, and continued in the same fashion post-registration.

### III. Conclusion

For the above-stated reasons, this Court GRANTS the Defendants' Motion in Limine as to Statutory Damages and Attorney's Fees.

An appropriate order will be entered.

Date: 6\2\11

D. Michael Fisher,
United States Circuit Judge

cc: Counsel of record

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY L. MORGAN T/A/D/B/A<br>CONCEPTS RESIDENTIAL<br>DESIGN COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>HAWTHORNE HOMES, INC.<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1809 |
| RANDY L. MORGAN T/A/D/B/A<br>CONCEPTS RESIDENTIAL<br>DESIGN COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>HANNA HOLDINGS, INC., et al.<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-803 |

## ORDER

AND NOW, to-wit, this 2nd day of June, 2011, for the reasons stated in the accompanying opinion filed contemporaneously hereto, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1). Defendant Hawthorne Homes, Inc. Motion in Limine as to Statutory Damages and Attorney Fees (Doc. 220 in No. 04-1809) is hereby GRANTED.

2). Defendants Bayard Crossings, Inc., Hawthorne Homes, Inc., Howard Hanna Real Estate Services, Inc., Howard Hanna Mortgage Services, Inc., and Barristers Land Abstract Company, Inc. Motion in Limine as to Statutory Damages and Attorney Fees (Doc. 165 in No. 07-803) is hereby GRANTED.

*[signature]*
D. Michael Fisher
United States Circuit Judge